*Trevathan v. Menard*, No. 381-6-16 Wncv (Teachout, J., Dec. 15, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 381-6-16 Wncv** |

**RAYSHUNN TREVATHAN**
    **Petitioner**

    **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
    **Respondent**

### DECISION
### Petitioner's Motion for Summary Judgment, filed August 7, 2017

Rayshunn Trevathan, an inmate in the custody of the Respondent Commissioner of the Department of Corrections (DOC), seeks Rule 75 review of numerous disciplinary convictions that occurred while housed in an out of state facility in Michigan. He claims that for each conviction but one he was not permitted to attend the hearing and never even knew it had occurred until he found out that he had been convicted. He also claims for each that he appealed administratively and the superintendent never responded. He asserts both circumstances as grounds for vacating and expunging his convictions. In opposition to summary judgment, the State argues that the facts are disputed because Mr. Trevathan's affidavit is not credible.

The convictions at issue in this case, by date and infraction, are as follows:

| | | |
|---|---|---|
| 4/26/16 | B20 | misusing medication |
| 5/26/16 | B16 | disrupting the facility |
| 5/26/16 | B10 | failing to carry out a sanction |
| 6/1/16 | B16 | disrupting the facility |
| 6/1/16 | A8 | possessing cell phone charger |
| 6/1/16 | A15 | tampering with fire alarms |
| 6/16/16 | A8 | possessing razor blades. |

Mr. Trevathan concedes that he was present at his hearing on April 26. He asserts in his affidavit that for all the others he never refused to go to the hearing and that the DOC never offered to take him; it merely convicted him in absentia for no reason in violation of his due process rights and DOC rules.

He further asserts that, by rule, the DOC is supposed to document a refusal to attend on a Waiver of Appearance/Hearing/Refusal to Appear form. DOC Directive 410.01, Procedural Guidelines § (5)(c)(iii)(b)(1). No such forms are in the record. However, even if no forms currently or ever existed, the rule does not require reversal or expungement for that reason alone. The court need not otherwise determine whether Mr. Trevathan's absence at his hearings would

entitle him to expungement rather than remand for new hearings because his right to expungement is established on the other ground he asserts.

By rule, the superintendent must decide an appeal of a disciplinary conviction within 30 days or the conviction is vacated and expunged. See DOC Directive 410.01, Procedural Guidelines § 9(c) ("The Superintendent will respond to the appeal within thirty (30) calendar days from the date the appeal was delivered by the inmate to a staff member at the facility. Failure to respond to the appeal within thirty (30) calendar days will result in the dismissal of the disciplinary action, and staff will expunge the DR packet from the inmate's file and the database.").

Petitioner's Statement of Undisputed Facts, supported by an affidavit and documents, sets forth facts stating that Mr. Trevathan appealed all the convictions at issue in this case and the superintendent failed to decide any of them within 30 days (or at all). Mr. Trevathan clearly so asserts in his affidavit, which cross-references the Amended Complaint in which each DR is identified by date, type of DR, and conduct, and shows on its face that Mr. Trevathan was provided with a copy.

The State has come forward with no factual evidence of any kind to raise any dispute as to those facts. Accordingly, there is no alternative evidence to put material facts in dispute. There is no evidence that could support a finding at trial that Mr. Trevathan did not appeal one or more of the disputed convictions or that the superintendent actually did determine an appealed conviction within 30 days. The State argues, in effect, that Mr. Trevathan lacks credibility so the court should disregard his affidavit. It did not provide an opposing affidavit attempting to undermine Mr. Trevathan's affidavit as to any fact, but argues that because he has been convicted of violent crimes, the court should conclude that his statements are not credible and disregard his affidavit.

"Doubts as to the credibility of the movant's affiants or witnesses may lead the court to conclude that a genuine issue of material fact exists." Wright & Miller et al., 10A Federal Practice & Procedure: Civil 4th § 2726. Here, however, the State has provided nothing to draw Mr. Trevathan's credibility into question beyond pointing to the nature of his criminal convictions. That is tantamount to a per se rule that prisoners must be treated as lacking credibility. The court declines to reach that conclusion.

Since no material facts have been shown to be in dispute, Petitioner is entitled to summary judgment.

Dated at Montpelier, Vermont this _____ day of December 2017.

_____
Mary Miles Teachout
Superior Judge

2